**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

| | | |
|---|---|---|
| **DAVID MICHAEL JONES,** | : | **Bankruptcy No. 07-26880 BM** |
| | : | |
| | : | |
| **Debtor** | : | **Chapter 7** |
| **DAVID MICHAEL JONES,** | : | |
| | : | **Adversary No. 08-2018 BM** |
| **Plaintiff** | : | |
| | : | **Debtor's Complaint To Determine** |
| **v.** | : | **Dischargeability Of Tax Liability** |
| | : | **Pursuant To 11 U.S.C. § 505 And** |
| **CENDANT MORTGAGE CORPORATION,** | : | **Related Claims** |
| **now known as PHH MORTGAGE** | : | |
| **CORPORATION, its successor or** | : | |
| **assignee, also known as MORTGAGE** | : | |
| **SERVICE CENTER, and UNITED** | : | |
| **STATES OF AMERICA, DEPARTMENT** | : | **Doc. # 6: Motion To Dismiss filed** |
| **OF THE TREASURY, INTERNAL** | : | **by PHH Mortgage Corporation** |
| **REVENUE SERVICE,** | : | |
| | : | **Doc. # 7: Motion To Dismiss filed** |
| **Defendants** | : | **by Internal Revenue Service** |

Appearances:  Mary Bower Sheats, Esq. for Plaintiff
Gary J. Gaertner, Esq. for Defendant PHH Mortgage Corporation
Ari Kunosfky, Esq. for Defendant Internal Revenue Service

**<u>MEMORANDUM OPINION</u>**

Defendants Cendant Mortgage Corporation (hereinafter Cendant) and United States

Internal Revenue Service (hereinafter IRS) have brought motions to dismiss the respective

counts asserted against them in the complaint in this adversary action.

Debtor opposes the motions to dismiss.

Defendants' motions to dismiss will be granted.  The question whether the debt owed to IRS is dischargeable is unaffected by the decision reached in this memorandum opinion. Whether it is dischargeable will be decided if and when the matter is brought before this court.

– I –
BACKGROUND

Cendant had a mortgage lien on real property owned by debtor which secured repayment of a loan.  It commenced a mortgage foreclosure action in the year 2002 after debtor defaulted on the mortgage obligation.  Judgment in favor of Cendant thereafter issued.  The amount of the judgment and the date of its entry are not indicated in this adversary action.

A sheriff's sale of the property occurred prior to July 17, 2003.  Cendant was the sole bidder at the sale and purchased the property for $3,084.10.  It recorded a sheriff's deed to the property on July 17, 2003, and sold the property to a third party for $17,400.00 prior to February of 2007.

Cendant did not file a petition in state court to determine the fair market value of the property at the time of the sheriff's sale.  It also did not pursue an *in personam* action against debtor to recover the unpaid balance of debtor's obligation remaining after Cendant sold the property to a third party.  Cendant instead prepared and filed a Form 1099-C with IRS early in 2007.  In it Cendant indicated that the unpaid portion of debtor's obligation to Cendant totaled $80,755.00 and that it had sold the property to a third party for $17,400.00.

- 2 -

IRS sent a notice to debtor in February of 2007 wherein IRS indicated that Cendant had cancelled $63,355.00 ($80,755.00 - $17,400.00 = $63,355.00) of the debt owed by debtor.  IRS claimed that debtor owed an additional $14,656.00 in unpaid federal income tax for tax year 2005.  According to IRS, the total amount owed by debtor as of March 14, 2007, including interest ($1,292.00) and penalties ($2,931.00), was $18,789.00 ($14,656.00 + $1,292.00 + $2,931.00 = $18,789.00).

In response to a demand from debtor, Cendant filed a praecipe in April of 2007, in the court in which it had obtained the judgment in foreclosure.  Cendant asked the prothonotary of the court to mark the judgment as satisfied and to close the action.  Cendant, however, rejected debtor's further demand that it withdraw and correct the Form 1099-C upon which IRS based its claim that debtor owed an additional $18,789.00 in federal income tax for the year 2005.

Debtor filed a voluntary chapter 7 petition on November 1, 2007.  A chapter 7 trustee was appointed the following day.

The bankruptcy schedules accompanying the petition listed assets with a total declared value of $3,850.00 and liabilities totaling $125,995.86.  Cendant was listed as having a claim in the amount of $0.00.  IRS was listed as having a disputed claim in the amount of $14,656.00, the amount IRS claimed debtor owed in unpaid federal income tax for the year 2005.

Included among the assets listed on the schedules was "debtor's right to sue Cendant for its willful failure to withdraw or amend an IRS 1099-C form".  The value of the

- 3 -

cause of action was listed as "unknown".  Debtor claimed a $6,500.00 exemption in the

cause of action in accordance with § 522(d)(5) of the Bankruptcy Code.

While the purported cause of action arose prior to November 1, 2007, debtor did

not commence such an action prior to the petition date.  His statement of financial affairs

did not identify any lawsuits to which debtor had been a party during the one-year period

preceding the filing of the bankruptcy petition.

The chapter 7 trustee timely filed what he characterized as an "objection" to the

above claimed exemption.  More precisely, the trustee he sought clarification that the

amount of debtor's claimed exemption in the cause of action was "fixed" at $6,500.00 and

that any recovery in excess of this amount remained property of the bankruptcy estate.

A default order to this effect issued when debtor did not respond to the so-called

"objection".  Debtor did not appeal the order.

Debtor thereafter commenced this adversary action by filing a two-count complaint.

He alleged in Count I that the above the above Form 1099-C Cendant had submitted

to IRS was erroneous and sought a determination that the additional federal income tax

liability IRS claims debtor owes for the year 2005 is "dischargeable".   He also sought an

order directing Cendant to amend the Form 1099-C to show a "zero cancellation of debt".

Debtor claimed in Count II of the complaint that the conduct of Cendant in issuing

the allegedly erroneous Form 1099-C and then refusing to withdraw and amend it violated

the Pennsylvania Unfair Trade Practices and Consumer Protection Act.  He sought to

- 4 -

recover monetary damages in the amount of $18,789.00 plus penalties, interest and attorney's fees and requested that such recovery be trebled.

Cendant and IRS have filed separate motions to dismiss the counts of the complaint pertaining to them.  They maintain that debtor has not asserted a claim upon which relief may be granted.

The motions have been heard and are now ready for disposition.

– II –
## THE GRAVAMEN OF THE COMPLAINT

Debtor's complaint is curiously drafted and at times confusing.  Understanding its primary thrust will facilitate our analysis and resolution of the pending motions to dismiss by making clear what debtor is not attempting to accomplish in this adversary action.

Debtor asserts in the complaint that jurisdiction over this adversary action is based on 28 U.S.C. § 157(b)(2)(I) and (O) and on 11 U.S.C. § 505(a)(1).

Section 157 of title 28 provides in part as follows:

> (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11....
>     (2) Core proceedings include, but are not limited to -- ....
>         (I) determinations as to the dischargeability of particular debts; [and] ...
>         (O) other proceedings affecting ... the adjustment of the debtor-
>            creditor relationship....

18 U.S.C.  §  157.

These provisions, when read in isolation from 11 U.S.C. § 505(a)((1), suggest that debtor seeks a determination that the debt he owes IRS which arises out of the above Form 1099-C is *dischargeable in bankruptcy.*

Debtor also asserts, however, that jurisdiction is based on § 505(a)(1) of the

Bankruptcy Code, which provides as follows:

> (a) Except as provided in paragraph (2) of this subsection, the court may
> determine the amount or legality of any tax, fine or penalty relating to a tax,
> or any addition to tax, whether or not previously assessed, whether or not
> paid, and whether or not adjudicated by a judicial or administrative tribunal
> of competent jurisdiction.

11 U.S.C. § 505(a).

Read in isolation, this provision suggests that debtor is seeking a determination

concerning the amount or legality of the additional federal income tax, penalties and

interest IRS claims debtor owes for the year 2005.

While this latter endeavor appears to lie squarely within the scope of 28 U.S.C.

§ 157(b)(2)(O), it is not obvious that it also lies within the scope of 28 U.S.C. § 157(b)

(2)(I). An action to determine the amount or legality of the additional tax debt IRS claims

debtor owes would be a proceeding affecting the adjustment of a debtor-creditor

relationship; it would *not*, however, be a proceeding to determine whether the debt is

dischargeable in bankruptcy. They are altogether different types of undertakings.

Debtor's complaint is replete with assertions which indicate that he failed to bear

the difference between 28 U.S.C. §§ 157(b)(2)(I) and (O) and 11 U.S.C. § 505(a) in mind

when drafting the complaint.

For instance, debtor asserts in paragraph 7 of the complaint that this court has

jurisdiction to determine the *dischargeability* of the debt for additional tax IRS claims

debtor owes for the year 2005.  In the very next paragraph of the complaint he asserts that this court has jurisdiction to determine the *amount or legality* of the tax.

This confusion is present throughout the complaint.  Debtor asserts in paragraph 18, for instance, that his alleged additional tax liability should be *discharged* in this bankruptcy proceeding.  He then turns around and asserts in paragraph 19 that Cendant has an obligation to withdraw the Form 1099-C and to submit and amended Form 1099-C to IRS "to show a zero cancellation of debt".

Such a conflation is also present in the prayer for relief in both counts of the complaint.

In Count I debtor requests, among other things, an order directing IRS to "cancel and discharge" the additional tax liability in addition to requesting a determination that the additional tax liability is "discharged in the above captioned bankruptcy proceeding".  In Count II he again requests, among other things, a determination that the additional tax liability "is dischargeable in this bankruptcy proceeding".

Notwithstanding the numerous references to seeking a determination that the additional tax liability is dischargeable in this bankruptcy proceeding, careful examination of the complaint reveals that debtor is *not* seeking a determination that the additional tax liability is discharged within the meaning of § 727 of the Bankruptcy Code.  On the contrary, he seeks a determination in accordance with § 505(a) of the Bankruptcy Code that the *amount* of the additional liability is zero.

- 7 -

This conclusion concerning the primary thrust of the complaint is based on the reference made in paragraph 7 of the complaint to *McCartney v. Integra National Bank North*, 106 F.3d 506 (3d Cir 1997).

The Deficiency Judgment Act as enacted in Pennsylvania applies when real property is sold in an execution proceeding for an amount that is less than the amount of the judgment in foreclosure plus costs and interest. *First National Consumer Discount Company v. Fetherman*, 515 Pa. 85, 93, 527 A.2d 100, 103 (1987).

To protect its claim for any remaining balance due after the property is sold, the judgment creditor responsible for causing the sale of the property must comply with 42 Pa. C.S.A. § 8103(d). *McCartney*, 106 F.3d at 509. Within six months from the date on which a sheriff's deed is executed and delivered, the creditor must file a petition to fix the fair market value of the property in the court that entered the judgment. 42 Pa. C.S.A. § 5522 (b)(2).

The consequence of failing to do so within the six-month period has been variously described. It "creates an irrebuttable presumption that the creditor was paid in full". *McCartney*, 106 F.3d at 509 (quoting *Valley Trust Company of Palmyra v. Lapitsky*, 339 Pa. Super. 177, 182-83, 488 A 2d 608, 611-12 (1977)). Alternatively, it is "conclusively presumed" that the judgment creditor "recovered in full the balance due on the property". *U.S. v. Napier*, 273 F.3d 276, 281 (3d Cir 2001), *cert. denied*, 535 U.S. 1066, 122 S.Ct. 1937, 152 L.Ed.2d 842 (2002). If a judgment creditor is deemed under such

circumstances to have been paid in full, in other words, the debt in question is deemed to have been extinguished.

The same cannot be said of the unpaid balance owed to Cendant as a judgment creditor when the debt in question is discharged in bankruptcy. A discharge in bankruptcy does not extinguish the debt; it merely releases the debtor in bankruptcy from personal liability for the debt. *Houston v. Edgeworth* (*Matter of Edgeworth*), 993 F.2d 51, 53 (5th Cir. 1993). The debt continues to exist and may be collected from any other entity other than the debtor in bankruptcy which is also liable for the debt. 11 U.S.C. § 524(e).

The point of this seeming digression, whose significance for the motions to dismiss that are under consideration here may not be obvious, is as follows: should Count I and Count II be dismissed, it does not follow that the debt owed to IRS for the year 2005 consequently is excepted from discharge. Whether the debt is dischargeable is a different matter.

– III –
## COUNT I

Debtor seeks a determination in Count I of the complaint that he does not owe additional federal income tax for the year 2005. Specifically, he seeks a determination that his outstanding federal tax liability for that tax year is not $18,789.00, as IRS claims, but instead is zero.[1]

IRS' claim that debtor owes additional income tax, penalties and interest for tax year 2005 is based on the Form 1099-C Cendant prepared and submitted to IRS early in 2007.

---

[1.] This issue presents a question of law and can be decided here and now in this memorandum opinion.

The Form 1099-C indicated that $80,755.00 of debtor's mortgage obligation to Cendant remained unpaid after Cendant purchased the property for $3,084.10 and then sold it to a third party for $17,400.00.

Debtor asserts that this is incorrect. He maintains that under the law of Pennsylvania, he does not owe anything to Cendant. From this debtor would have us infer that because his remaining mortgage obligation to Cendant is zero under the law of Pennsylvania, his income tax liability to IRS for tax year 2005 also is zero.

Debtor is correct in asserting that, under Pennsylvania law, the amount of his mortgage obligation that remained outstanding after Cendant purchased the property at a sheriff's sale and the sheriff executed and delivered a deed to the property to Cendant is zero. This is so because Cendant failed to file a petition in state court during the six-month period after the sheriff executed a deed to the property and delivered it to Cendant to fix the fair market value of the property. Instead of filing such a petition in state court, Cendant filed a praecipe in state court in April of 2007 to have its judgment in foreclosure marked as satisfied and to close the mortgage foreclosure action.

As was noted previously, an irrebuttable presumption arose under Pennsylvania law that Cendant was "paid in full" when it did not file a timely petition to fix the fair market value of the property. *McCartney*, 106 F.3d at 509. It was "conclusively presumed" that Cendant "recovered in full the balance due on the property". *Napier*, 273 F.3d at 281.

But does it follow from this, as debtor contends, that his federal income tax liability for tax year 2005 therefore also is zero? We conclude for a variety of reasons that this

- 10 -

does *not* follow and that debtor's claim against IRS in Count I of the complaint consequently must be dismissed.

According to § 61(a)(12) of the Internal Revenue Code, the unpaid portion of debtor's obligation to Cendant in the amount of $80,755.00 constituted gross income for debtor for tax year 2005.  It provides as follows:

> (a) Except as provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:....
>      (12) income from discharge of indebtedness.

26 U.S.C.  § 61(a)(12).

Subsection 61(a)(12) is broad in its scope. It applies to "all income from whatever source derived".  Congress intended when it enacted § 61(a) to "use the full measure of its taxing power".  *Helvering v. Clifford*, 309 U.S. 331, 334, 60 S.Ct. 554, 556, 84 L.Ed 788 (1940).  It is a corollary of this aspect of § 61(a) that "exclusions from income are to be narrowly construed".  *Commissioner of Internal Revenue v. Schleier*, 515 U.S. 323, 328, 115 S.Ct. 2159, 2163, 132 L.Ed.2d 294 (1995).

The conclusive presumption arising under Pennsylvania law that Cendant was paid in full in this instance is a *legal fiction.*  Even though debtor in reality did not pay Cendant in full, Cendant is *deemed* as a matter of Pennsylvania law to "have received full satisfaction in kind" of the obligation owed by debtor. *Fetherman*, 515 Pa. at 97, 527 A.2d at 105.  This is so despite the fact that a balance in the amount of $80,755.00, which Cendant reported on the above Form 1099-C, in reality remained unpaid.

- 11 -

The power to tax is "a fundamental and imperious necessity" of government. In the case of federal tax law, this power is *not* restricted by "mere legal fictions". *Tyler v. U.S.*, 281 U.S. 497, 503, 50 S.Ct. 356, 358, 74 L.Ed. 991 (1930). Federal law may not be "struck blind" by state law. *Drye v. U.S.*, 528 U.S. 49, 59, 120 S.Ct. 474, 481, 145 L.Ed.2d 466 (1999).

The term "discharge-of-indebtedness" appearing in § 61(a)(12) is interchangeable with the term "cancellation-of-debt". *Ellinger v. U.S.*, 470 F.3d 1325, 1331 n.7 (11th Cir. 2006). Discharge of indebtedness occurs for purposes of § 61(a)(12) when it becomes clear that the debt will not have to be paid. The test for determining whether such an event has occurred is based on a practical assessment of the facts and circumstances relating to the likelihood of repayment. *Friedman v. Commissioner of Internal Revenue*, 216 F.3d 537, 546 (6th Cir. 2000).

Debtor's assertion that his federal income tax liability for tax year 2005 is zero because it is conclusively presumed under Pennsylvania law that Cendant was paid in full also fails for yet another reason.

Whereas state law determines the obligations of parties to a transaction, whether the obligation has ramifications for federal income tax law depends on the *federal* definition of taxability. *Milenbach v. Commissioner of Internal Revenue*, 318 F.3d 924, 930 (9th Cir. 2003). Unless the express language of a federal provision or its necessary implication makes its application dependent on state law, federal tax law generally trumps

- 12 -

state law. *U.S. v. Irvine*, 511 U.S. 224, 238-39, 114 S.Ct. 1473, 1481, 128 L.Ed.2d 168 (1994).

Neither the express language nor any necessary implication of § 61(a)(12) makes its application dependent on whether a debt is discharged or forgiven under state law. Whether a forgiven debt qualifies as gross income for federal tax law purposes is not affected by the legal fiction that the obligation is treated as satisfied under applicable state law.

It follows from the foregoing considerations that, debtor's assertion to the contrary notwithstanding, his federal tax liability for tax year 2005 in connection with his obligation to Cendant is *not* zero just because it is considered under Pennsylvania law to be satisfied in full and thus is zero. Count I of the complaint will be dismissed.

## – IV –
## COUNT II

A voluntary bankruptcy case commences as of the moment when an entity qualifying as a debtor files a bankruptcy petition. 11 U.S.C. § 301. A bankruptcy estate is created at that instant. 11 U.S.C. § 541(a). All equitable or legal interests of the debtor in property at that time are included in the bankruptcy estate. 11 U.S.C. § 541(a)(1).

Congress intended § 541(a) of the Bankruptcy Code to "sweep broadly" and to include all types of property, including causes of action. *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n.9, 103 S.Ct. 2309, 2313 n.9, 76 L.Ed.2d 515 (1983). A cause of action becomes property of a bankruptcy estate if: (1) the cause of action arose prior to the commencement of the bankruptcy case; and (2) the debtor could have asserted the cause

- 13 -

of action prior of the commencement of the bankruptcy case. *Board of Trustees of Teamsters Local 803 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 169 n.5 (3d Cir 2002).

The cause of action asserted in Count II of the complaint arose prior to the commencement of this bankruptcy case. Cendant prepared and sent to IRS in February of 2007 the Form 1099-C about which debtor complains in Count II. IRS notified debtor in April of 2007, seven months prior to the petition date, that he owed an additional $18,789.00 in federal income tax, penalties and interest for tax year 2005.

While debtor undoubtedly could have asserted the cause of action against Cendant set forth in Count II prior to the petition date, he did not do so. Debtor indicated in his statement of financial affairs that he had not been a party to any lawsuit during the one-year period preceding the petition date. Why debtor did not do so if he believed, as he evidently does now, that he had a colorable claim against Cendant is anyone's guess.

A chapter 7 trustee is the representative of the bankruptcy estate. 11 U.S.C. § 323 (a). As such, the chapter 7 trustee has a duty to collect and reduce property of the bankruptcy estate to money and to close the estate as expeditiously as is compatible with the best interests of parties in interest. 11 U.S.C. § 704(a)(1). As representative of the bankruptcy estate, the chapter 7 trustee also has the capacity to sue and be sued. 11 U.S.C. § 323(b).

As a general matter, the chapter 7 trustee is the *only* person having authority to assert a cause of action that is property of the bankruptcy estate. *Banks v. Hicks (In re Banks)*, 223 *Fed. Appx.*, 149, 151 (3d Cir 2007). Exclusive authority to do so, in other

- 14 -

words, lies with the chapter 7 trustee. *Highland Capital Management v. Chesapeake Energy Corp. (Matter of Seven Seas Petroleum, Inc.*, 522 F.3d 575, 584 (5th Cir. 2008).  Unless an asset (such as a cause of action) is abandoned back to the debtor in accordance with the Bankruptcy Code, all rights debtor had in an asset are extinguished once it becomes part of the bankruptcy estate. *Aaron v. U.S.A.*, 65 Fed. Cal. 29, 31 (Fed. Cl. 2005).

If the chapter 7 trustee has exclusive authority to bring such a cause of action, it follows that a chapter 7 debtor lacks authority to bring and prosecute a lawsuit that is property of the bankruptcy estate once a chapter 7 trustee is appointed. *Cadle Co. v. Mangan (In re Flanagan)*, 508 F.3d 171, 179 (2d Cir. 2007).

The principle that only a chapter 7 trustee has authority to bring and prosecute a cause of action that is property of the bankruptcy estate is not absolute.  A chapter 7 debtor, for instance, may bring and pursue the cause of action, but only if the chapter 7 trustee has abandoned the property in accordance with § 554 of the Bankruptcy Code or the bankruptcy court has directed the chapter 7 trustee to do so. *Mitchell Excavations, Inc. by Mitchell v. Mitchell*, 734 F.2d 129, 131-32 (2d Cir. 1984).  Notice and a hearing are required in either event. 11 U.S.C. §§ 554 (a) and (b).  This means that a judicial proceeding must occur before property of the bankruptcy estate can effectively be abandoned. *De facto* abandonment cannot occur in bankruptcy. *Catalano v. Commissioner Internal Revenue*, 279 F.3d 682, 686 (9th Cir. 2002).

The word "abandonment" is a term of art in this context and has special meaning. Once abandonment for purposes of § 554 has occurred, the property that has been

- 15 -

abandoned no longer is property of the bankruptcy estate. *Fields v. Bleiman (In re Fields)*, 267 Fed. Appx. 144, 146 (3d Cir 2008). The debtor's interest in the property is restored *nunc pro tunc* as of the petition date. *Catalano,* 279 F.3d at 685.

The chapter 7 trustee has not sought court approval to abandon the cause of action set forth in Count II of the complaint. Moreover, neither debtor nor any party in interest requested an order of court directing the chapter 7 trustee to abandon it. Accordingly, no order relating to its abandonment issued in this bankruptcy case. It follows from this that debtor lacks authority to bring the cause of action asserted in Count II and that it must be dismissed.

A point of clarification would be appropriate before our discussion of Count II concludes.

Debtor claimed an exemption in the amount of $6,500.00 in the above cause of action pursuant to § 522(d)(5) of the Bankruptcy Code. Proceeding with an abundance of caution, the chapter 7 trustee "objected" to the claimed exemption. More precisely, he sought clarification that the allowed amount of debtor's claimed exemption was "fixed" at $6,500.00 and that any recovery in excess of this amount remained property of debtor's bankruptcy estate. A default order to this effect issued when debtor did not respond to the chapter 7 trustee's "objection". Debtor did not appeal the order.

A debtor in bankruptcy can prevent distribution of certain property of the bankruptcy estate by claiming it as exempt. *Taylor v. Freeland & Kronz*, 503 U.S. 630, 642, 112 S.Ct. 1644, 1647, 118 L.Ed.2d 280 (1992). Unless the chapter 7 trustee or a party in

- 16 -

interest objects in a timely manner to the claimed exemption and the objection is sustained, the claimed exemption is allowed.  In that event the property claimed as exempt "is no longer considered property of the bankruptcy estate". *Taylor v. Freeland & Kronz*, 938 F.2d 420, 424 (3d Cir 1991), *aff'd*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

Allowance of debtor's claimed exemption of $6,500.00 of the cause of action against Cendant did not serve to remove the *entire* cause of action from the bankruptcy estate. The order entered following the chapter 7 trustee's "objection" to the claimed exemption makes this abundantly clear.

All that was removed from the bankruptcy estate was $6,500.00 of any potential monetary recovery if the chapter 7 trustee elected to go forward with the cause of action and prevailed.  Because the chapter 7 trustee has not elected to pursue the cause of action and it has not been abandoned, it remains to be seen whether debtor's allowed $6,500.00 exemption in the cause of action has actual value for debtor.

A final caveat is appropriate now that we have determined that Count I and Count II of the complaint must be dismissed.  We have determined that in spite of numerous imprecise statements by debtor in the complaint, discharge for bankruptcy purposes of the debt owed by debtor to IRS is not "on the table".  Dismissal of Count I, standing alone, consequently does not imply that the debt owed to IRS is dischargeable.  Such a conclusion would be a *non sequitur*.

- 17 -

A complaint objecting to the discharge of a debt brought other than under § 523(c) of the Bankruptcy Code may be filed at any time.  Interim Federal Rule of Bankruptcy Procedure 4007(b).  A complaint objecting to the dischargeability of a debt under § 523(c) must be filed no later than sixty days after the first date set for the § 341 meeting of creditors. Interim Federal Rules of Bankruptcy Procedure 4007(c).  Depending on which subpart of § 523(a) IRS invokes, it may be possible for IRS to file a timely complaint objecting to the dischargeability of the debt owed to it by debtor.  Whether IRS does so remains to be seen.

An appropriate order shall issue.

_____
**BERNARD MARKOVITZ**
U.S. Bankruptcy Judge

Dated: **September 17, 2008**

FILED

SEP 17 2008

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

- 18 -

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| **DAVID MICHAEL JONES,** | : | **Bankruptcy No. 07-26880 BM** |
| | : | |
| | : | |
| **Debtor** | : | **Chapter 7** |
| **DAVD MICHAEL JONES,** | : | |
| | : | **Adversary No. 08-2018 BM** |
| **Plaintiff** | : | |
| | : | **Debtor's Complaint To Determine** |
| **v.** | : | **Dischargeability Of Tax Liability** |
| | : | **Pursuant To 11 U.S.C. § 505 And** |
| **CENDANT MORTGAGE CORPORATION,** | : | **Related Claims** |
| **now known as PHH MORTGAGE** | : | |
| **CORPORATION, its successor or** | : | |
| **assignee, also known as MORTGAGE** | : | |
| **SERVICE CENTER, and UNITED** | : | |
| **STATES OF AMERICA, DEPARTMENT** | : | **Doc. # 6: Motion To Dismiss filed** |
| **OF THE TREASURY, INTERNAL** | : | **by PHH Mortgage Corporation** |
| **REVENUE SERVICE,** | : | |
| | : | **Doc. # 7: Motion To Dismiss filed** |
| **Defendants** | : | **by Internal Revenue Service** |

### ORDER OF COURT

**AND NOW**, this **17th** day of **September**, 2008, for reasons set forth in the preceding memorandum opinion, it hereby is **ORDERED**, **ADJUDGED** and **DECREED** that Count I and Count II of the complaint in this adversary action be and hereby are **DISMISSED**. The clerk of this court **SHALL CLOSE** this adversary action.

It is **SO ORDERED**.

**BERNARD MARKOVITZ**
U.S. Bankruptcy Judge

FILED

SEP 17 2008

cm:    David Michael Jones
       Mary Bower Sheats, Esquire
       Gary J. Gaertner, Esquire
       Ari D. Kunofsky, Esquire
       Robert Shearer, Esquire
       Office of United States Trustee